IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Joshua Lee Phillips, ) | | Case No.: 1:23-cv-03203-JD |
| ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | | |
| ) | | **ORDER** |
| Warden of Broad River Correctional ) | | |
| Institution, ) | | |
| ) | | |
| Respondent. ) | | |
| ) | | |
| ) | | |

This matter is before the Court with the Report and Recommendation (DE 28) ("Report") of United States Magistrate Judge Shiva V. Hodges, made pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 28.)  Petitioner Joshua Lee Phillips filed a petition of a writ of habeas corpus under 28 U.S.C. § 2254 against Respondent Warden of Broad River Correctional Institution.  (DE 1.)

The Report was issued on February 26, 2024, recommending "the petition be dismissed because it was not timely filed and is barred by 28 U.S.C. § 2244(d)(1)."  (DE 28.)  Petitioner filed an objection (DE 38).  For the reasons below, the Court adopts the Report.

---

[1] The Report has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

## BACKGROUND

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. Nonetheless, the Court includes the following brief procedural summary.

On July 5, 2023, the Court received Petitioner's present habeas corpus petition under 28 U.S.C. § 2254. (DE 1.) On August 31, 2023, the Magistrate Judge informed the Petitioner of her concerns about the timeliness of his claim and authorized Petitioner to

> attempt to correct the defects in his habeas petition by submitting a document by September 21, 2023, to this court providing facts concerning the issue of timeliness of this petition that would provide a basis for the application of equitable tolling and thereby potentially prevent dismissal based on the limitations bar.

(DE 13, p. 11.)

On October 26, 2023, the Court received a letter in which Petitioner stated that he had attached some documentary evidence of his claims.[2] (DE 22, p. 1.) Petitioner attached a SCDC Form 10-14, which shows a total cost of $0.53 for "Legal Material." (DE 22-1.) The form was signed by Petitioner on May 12, 2022, and (apparently) by a penal official on May 16, 2022. (*Id.*) Also, on October 26, 2023, the Court received a letter in which Petitioner attached a document containing a response from a penal official dated October 20, 2023, indicating that "[t]hey are not staffed at Kirkland" and "[m]ail room staff will be employed soon." (DE 23, p. 3.) On November 17, 2023, the Court received a letter from Petitioner indicating that

---

[2] On September 25, 2023, Petitioner requested a thirty-day extension of time to respond (DE 19), and the Magistrate Judge granted the request (DE 20).

the two attached documents were "All The Information" he had regarding his claims. (DE 26, p. 1 (error in original).)

On February 26, 2024, the Magistrate Judge issued her Report, which recommended that Petitioner's petition be dismissed as untimely. (DE 28, p. 11.) Specifically, the Magistrate Judge concluded that Petitioner failed to file timely his habeas corpus petition under 28 U.S.C. § 2244(d)(1) (*id.* pp. 6–7), and Petitioner failed to establish that the statute's limitations period was equitably tolled under *Holland v. Florida*, 560 U.S. 631, 645 (2010), and other precedent. (*Id.* pp. 8–11.)

## DISCUSSION

Phillips raises two objections about untimeliness and equitable tolling. (DE 38.) However, to be actionable, objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—*that are at the heart of the parties' dispute.*'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of *specific* objections to the Report of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

3

A.     **Objection to the Report's Conclusion of Untimeliness**

Petitioner specifically contends that his § 2254 petition *was* timely, but through no fault of his own, his timely filings failed to reach this Court. (DE 38, pp. 1–4.) Petitioner contends that "A Frivolous Investigation" at "Kirkland Correctional Institution / Gilliam Psychiatric Hospital" may have obstructed his mailing despite having "Placed First Timely Petition In Prison Authorities Hands" in May 2022. (*Id.* p. 2, 3 (errors in original).) Petitioner contends in the alternative that the documents were "Misplaced Or Lost" at the institution. (*Id.* p. 2.) This Court disagrees.

In his objection, Petitioner does not contend that any other enumerated exception besides (d)(1)(A) of § 2244 applies or that the Magistrate Judge incorrectly set forth the predicate dates of his state proceedings. Thus, as the Magistrate Judge explained, Petitioner's § 2254 application must have been made by September 2022 to be timely. Despite being given more time, Petitioner failed to establish that he filed his petition with this Court before September 2022.

Petitioner's purported evidence is, at best, ambiguous. Petitioner's SCDC Form 10-14 does suggest that Petitioner signed it on May 12, 2022. (DE 22-1.) But it does not provide any clue as to what legal material the debit was for or to whom the legal material was sent. Petitioner's second piece of evidence—a "Request to Staff Member" form; *see* S.C. Dep't Corr. Policy No. GA-01.12, § 13.2 (Sept. 1, 2023)—is no clearer. In response to Petitioner's statement that "I Was Told By Ms. Eady That [illegible] Kirkland Has No Mailroom Personell At The Moment," a penal

4

official apparently replied that "They are not staffed at Kirkland" and "Mailroom staff will be employed soon."  (DE 23, p. 3 (errors in original).)  Even if Petitioner's grievance response indicates that the Kirkland hospital was understaffed, it only suggests it was so "At The Moment," and not at the *relevant* time: 2022.  Indeed, the response itself is dated over one year *after* the relevant period.

As for Petitioner's own statements regarding the timeliness of his filings (namely, his statements attached to his original petition and in his later filings), he has failed to meet the applicable Rules.  Rule 3(b) of the Federal Rules Governing Section 2254 and 2255 Proceedings provides:

> (d) **Inmate Filing**. A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. *Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.*

Rules Governing § 2254 Cases, Rule 3 (emphasis added).  This Rule applies to *pro se* prisoners.[3]  *Cf. Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Cretacci v. Call*, 988 F.3d 860, 867 (6th Cir. 2021) ("The majority of circuits have declined to extend the prison mailbox rule to prisoners proceeding with counsel.").  None of Petitioner's papers asserting that he mailed his petition as of May or December 2022 comport with this Rule.  Yet Petitioner has before employed a declaration

---

[3] The advisory committee notes state that Rule 3(b) "parallels Federal Rule of Appellate Procedure 25(a)(2)(C)."  Rules Governing § 2254 Cases, Rule 3, advisory committee's note to 2004 amendments.  The advisory committee notes to referenced appellate Rule make clear that its intended application is to *pro se* prisoners.

5

including the "under penalty of perjury" language (as required by 28 U.S.C. § 1746) in filings in his other cases with this Court. *See* Complaint at 7, *Phillips v. Washington*, No. 1:14-cv-02655-TLW (D.S.C. July 1, 2014), ECF No. 1. But he declined to do so here.

Finally, despite Petitioner's asserted inability to file his habeas petition in May or December 2022, Petitioner managed to file other papers with this Court. *See, e.g.*, Complaint, *Phillips v. Stephon*, No. 1:19-CV-02456-TLW-SVH (D.S.C. August 29, 2019), ECF No. 1; Complaint, *Phillips v. Pattman*, No. 1:19-CV-03533-JD-SVH (D.S.C. December 19, 2019), ECF No. 1. Petitioner filed papers in this Court as recently as June 2021. *See* Mot. Extension of Time at 1, *Pattman*, No. 1:19-cv-03533-JD-SVH (D.S.C. June 21, 2021), ECF No. 131. Notably, Petitioner's June 21, 2021, filing was signed and sent *while Petitioner was at Kirkland*.[4]

Accordingly, on the facts presented, the Magistrate Judge rightly concluded that Petitioner's petition is untimely, and the Court overrules this objection on timeliness.

**B.     Objection as to Equitable Tolling**

Petitioner next objects to the Report because he claims he has sufficiently established the existence of extraordinary circumstances permitting equitable tolling. (DE 38, pp. 5–11.) In his objection, Petitioner asserts that while he was "In A Psychiatric Hospital Undergoing Psychiatric Treatment" during the "Covid 19

---

[4]     According to the South Carolina Inmate Record locator, Petitioner was moved to "KIRKLAND" on May 25, 2021, and then moved again to "CENTRAL OFFICE ANNEX" on July 6, 2021. The Court takes judicial notice of these public records. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Pandemic," he "Ask[ed] the District Court For An Update Multiple Times . . . ." (*Id.* p. 6 (errors in original).) In support, Petitioner attaches two administrative notes bearing "Encounter Dates" of February 10, 2020, (DE 38-2, p. 1), and June 14, 2022, (*Id.* p. 3), in addition to an undated document entitled "History of Present Illness" containing Petitioner's medical history, which suggests Petitioner suffered from both "antisocial personality disorder" and a "history of psychosis . . . ." (*Id.* p. 5.) Petitioner then cites *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023), as precedent suggesting that equitable tolling should apply here. (*Id.* p. 8.)

The Court has reviewed Petitioner's filings in this action and the "transcripts, sentencing records, and copies of state court opinions" from Petitioner's criminal trial and his actions for post-conviction relief. Rules Governing § 2254 Cases, Rule 4, advisory committee notes to 1976 adoption; *see* 28 U.S.C. § 2243. After reviewing these materials, the Court concludes that Petitioner's objection lacks merit and adopts the Magistrate Judge's recommendation with the following additional analysis.

In *Justus*, the Fourth Circuit Court of Appeals considered an appeal from a convicted state prisoner whose § 2254 petition was rejected by the federal district court as untimely. *Justus*, 78 F.4th at 102–03. In reversing the district court's denial of the petition and ordering an evidentiary hearing, the Court of Appeals held that "[i]n the habeas context, . . . a petitioner's mental impairment is sufficiently profound" to equitably toll the § 2244(d)(1) statute of limitations "if it renders him unable to comply with the filing deadline." *Id.* at 114. The Court of

7

Appeals then adopted a disjunctive test for this determination: if "the petitioner cannot 'rationally or factually . . . understand the need to timely file' *or* . . . his 'mental state renders him unable . . . to prepare a habeas petition and effectuate its filing,'" then the petitioner's mental impairment may trigger equitable tolling. *Id.* (quoting another source).

In rejecting arguments that Justus's petition failed to make this showing, the Court of Appeals pointed to the "extensive evidence documenting Justus's severe mental disabilities," including evidence introduced at trial that Justus was diagnosed with the "lifelong" condition of "Schizoaffective Disorder or Bipolar Disorder" well before the § 2244 deadline. *Id.* at 115. The Court of Appeals also noted commentary in the record of Justus's criminal trial that he was suffering from "serious" mental health disorders and noted that during adjudication, he was twice found incompetent to stand trial (though the Court of Appeals noted that a finding of incompetency is neither necessary nor sufficient for equitable tolling). *Id.* Ultimately, the Court of Appeals concluded that the allegations in Justus's petition justified a hearing on whether equitable tolling under § 2244 should apply. *Justus*, 78 F.4th at 116.

The evidence here falls short of that in *Justus*. At bottom, Justus raised an insanity defense in his criminal trial. *Id.* at 102. This means that a great deal of evidence about Justus's mental condition was available in the record. In contrast, Petitioner pursued only an "alibi" defense in his trial. *See State v. Phillips*, No. 2012-UP-143, 2012 WL 10841277, at *1 (S.C. Ct. App. Feb. 29, 2012) (per curiam).

8

And in his § 2254 petition, Petitioner stated that he pleaded "not guilty" to the charges of which he was convicted. (DE 1, p. 1.)

Though the documents Petitioner submitted in response to the Magistrate Judge's order suggest he had a "history of psychosis" as of February 2020, they do not show—as was explained in *Justus*—that Petitioner had a "lifelong" illness requiring psychiatric medication. *See id.* at 115. In fact, Petitioner's exhibit specifically notes that Petitioner was "not on any psych medications" in June 2020. (DE 38-2, p. 1.) Petitioner does not claim that he ever took such medications, much less that he was diagnosed with any disorder or presented with symptoms. Even if he did, and he was, Petitioner does not explain—even with additional time to do so—*how* this mental impairment "prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

If anything, Petitioner's repeated contentions that he *did* file in May or December 2022—while he was at Kirkland—undercut such a conclusion. (*See* DE 1, pp. 27–28; DE 1-1, p. 1; DE 38, p. 6.) The Federal Courts of Appeals routinely find such an omission fatal. *See, e.g.*, *Famous v. Fuchs*, 38 F.4th 625, 633 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 794, 215 L. Ed. 2d 58 (2023) ("although there was no question that Mr. Famous suffered from mental illness (and suffered from such an illness even prior to his incarceration), there was no evidence that he lacked the capacity to address his legal rights during the period in question."); *Wallace v. Mahanoy*, 2 F.4th 133, 145 (3d Cir. 2021) (noting that "it is far from sufficient that Wallace has demonstrated the existence of a serious illness" but rather, the

9

question is "whether the record supports Wallace's claim that he had no periods of sufficiently good mental health from 2000 through 2015, during which time he could have pursued a federal habeas petition"); *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 852 (6th Cir. 2017) ("More importantly, Watkins has not established that any alleged incompetency *caused* his untimely filing.").

Petitioner was also aware of the need for such evidence.[5]  Yet despite additional time granted by the Magistrate Judge to gather and present the same kind of evidence—and after learning about its importance to his claims as early as 2018—Petitioner has failed to make this showing.  Therefore, the Court overrules Petitioner's objection on equitable tolling.

Accordingly, after thoroughly reviewing the Report and the record, the Court adopts the Report and incorporates it here by reference as modified by this order.

It is, therefore, **ORDERED** that Petitioner's habeas corpus petition is dismissed.  Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

---

[5] For example, during a hearing on Petitioner's motion for post-conviction relief in the Marion County Court of Common Pleas, Petitioner "testified he had mental health issues Counsel did not investigate" and specifically, that "[Petitioner] suffer[ed] from schizophrenia and bipolar disorder." Order of Dismissal at 13, *Joshua L. Phillips v. State*, No. 2012-CP-33-0356 (Marion C.C.P. Jan. 22, 2018). But the court *dismissed* Petitioner's contentions under the "prejudice" prong of *Strickland v. Washington*, 466 U.S. 668 (1984) because Petitioner "failed to prove he was prejudiced in any way because *he did not introduce the records [of Petitioner's mental impairments] themselves* or *any expert testimony indicating he was incompetent or incapacitated at the time of the crime or trial*." *Id.* (emphasis added).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 24, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.